# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00616-GCM

| | |
|---|---|
| DANA KECK, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| DAVID MUELLER | ) |
| MATTAMY CAROLINA CORPORATION | ) |
| JOHN/JANE DOES, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on its own motion. On February 23, 2016, the parties in this case contacted the Court and requested a judicial settlement conference prior to the commencement of discovery. The Court referred the parties to Magistrate Judge David Keelser. Judge Keesler has indicated to the Court that the parties agree that the cost of conducting discovery in this case would quickly exceed the amount in controversy, which appears to be approximately $34,000.

Accordingly, the Court finds that at this time, the discovery proposed in the parties' Certification of Initial Attorneys' Conference is not proportional to the needs of this case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Court has considered the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery to resolved these issues, and the burden and expense of the requested discovery compared to its likely benefit. *Id.*

**IT IS HEREBY ORDERED** that the discovery guidelines in the pretrial order are stricken. Both parties are instructed to explain to the Court by letter the discovery that is necessary

to resolve this matter, the projected cost of such discovery, and the reasons such discovery is proportional to the issues and amount in controversy. The parties should specifically address the factors listed in Rule 26(b)(1). The parties are further instructed to correspond with the Court, copying each other, no later than March 28, 2016. In the event that the parties are unable to identify discovery that would not be cost prohibitive, the Court will order this case to be scheduled for trial. Neither party should respond to discovery requests previously served until the Court authorizes specific discovery.

**SO ORDERED.**

Signed: March 10, 2016

Graham C. Mullen
United States District Judge