IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:15-CV-00616-GCM

| | |
|---|---|
| DANA KECK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| MATTAMY CAROLINA ) | |
| CORPORATION d/b/a MATTAMY ) | |
| HOMES, DAVID MUELLER, and ) | |
| DECISION MAKER DOES 1-2, ) | |
| ) | |
| Defendants. ) | |

Upon stipulation of the Parties pursuant to Fed. R. Civ. P. 26(c), the Court orders that confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its officers;

    (b) Attorneys and their office associates, legal assistants, stenographic and clerical employees, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the named Parties in this action and, in the case of corporate parties, their current officers; and

    (f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to furnish technical or expert services.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as

the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

7. Portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.

8. Any party who inadvertently fails to identify documents as "Confidential" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently

produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

10. The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Western District of North Carolina. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the

opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents received or filed with the Court and all correspondence generated in connection with the action. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

**IT IS SO ORDERED.**

Signed: May 11, 2016

Graham C. Mullen
United States District Judge

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ , county _____ , state of _____ ;

I am currently employed by _____ located at _____ and my current job title is _____ .

I have read and believe I understand the terms of the Protective Order dated _____ _____ , filed in the civil action entitled ***Dana Keck v. Mattamy Carolina Corporation d/b/a Mattamy Homes, et. al.,*** Civil Action No. 3:15-cv-00616-GCM, pending in the United States District Court for the Western District of North Carolina. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  _____
               (Date)                                         (Signature)

**AGREED TO** this 6th day of May, 2016.

                        MALONEY LAW & ASSOCIATES, PLLC

BY:   */s/ Margaret B. Maloney*
        Margaret Behringer Maloney
        N.C. Bar No. 13253
        1824 E. 7th Street
        Charlotte, North Carolina 28204
        Telephone: 704-632-1622
        Fax: 704-632-1623
        mmaloney@maloneylegal.com
        *Attorney for Plaintiff Dana Keck*

        JACKSON LEWIS P.C.

By:   */s/ Ann H. Smith*
        ANN H. SMITH
        N. C. State Bar No. 23090
        3737 Glenwood Avenue, Ste. 450
        Raleigh, NC 27612
        Tel. (919) 760-6460
        Fax: (919) 760-6461
        ann.smith@jacksonlewis.com

        AND

        Kurt J. Erickson *(pro hac vice)*
        Elizabeth S. Gerling *(pro hac vice)*
        225 South Sixth Street, Suite 3850
        Minneapolis, MN 55402
        Tel. (612) 341-8131
        Fax: (612) 341-0609
        ericksonk@jacksonlewis.com
        elizabeth.gerling@jacksonlewis.com
        ***Attorneys for Defendants Mattamy Corp. and David Mueller***

4815-8039-3521, v. 1

9